UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-144-P-H |
| | ) | |
| JAMES RAYMOND | ) | |
| | ) | |

**GOVERNMENT'S TRIAL BRIEF**

On September 23, 2009, the federal grand jury sitting in Portland returned a two-count Indictment charging the Defendant, James Raymond, with transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).

**I.    STATUS OF THE CASE**

      A.      The Defendant has filed a written waiver of his right to a jury trial, and the government consents to the waiver. A hearing is scheduled for March 29, 2010 regarding the Defendant's request for a bench trial.

      B.      Trial is scheduled to begin April 20, 2010.

      C.      The government expects to call approximately eleven witnesses and anticipates that its evidence will take approximately two days to present.

      D.      The government's opening statement is expected to last twenty-five minutes.

**II.    ANTICIPATED FACTS**

At the time of the crimes alleged in the Indictment, the Defendant was a music teacher in the Auburn school system. "Jane Doe," an eleven-year old girl who lived in Auburn, had been a student of the Defendant.

### A. School Chorus Trip

On June 15, 2007, chorus groups from two Auburn schools went on a field trip to Canobie Lake Park in Salem, New Hampshire. The students, teachers, and chaperones traveled to the park on a bus. Jane Doe attended the trip, as did the Defendant.

On the drive back to Auburn from the park, several students observed the Defendant sitting in the very back of the bus with Jane. The witnesses observed the Defendant rubbing Jane's leg and buttock area. The witnesses thought the situation was uncomfortable and that the Defendant's actions were unusual.

### B. Charged Offenses

On two occasions in the summer of 2007, the Defendant took Jane and her younger sister from Auburn to Canobie Lake Park and back. No other adults or children went on either trip. In conversations with Jane's mother prior to the trips, the Defendant said he was taking children to the park who could not otherwise afford such trips. The Defendant told Jane's mother before both trips that other adults would be coming, but when he arrived to pick up the girls he said the other participants had canceled. The Defendant also made a total of eleven telephone calls to Jane's home in July and August of 2007.

The government anticipates that Jane will testify that the Defendant took her and her sister to the Defendant's house prior to driving to New Hampshire. Jane and her sister watched television with the Defendant, and he repeatedly asked them to join him on his bed, but they refused. On the way to the park on one trip, the Defendant touched her leg and said that she had soft legs. When they were at the park, the Defendant touched Jane's breasts and buttocks. This touching constituted criminal sexual activity under both Maine and New Hampshire law.

### C. ICE Interview

On September 26, 2007, Immigration and Customs Enforcement (ICE) Special Agents Gary Moulton and Douglas McDonnell interviewed the Defendant at his home. ICE had received information that the Defendant had made several purchases in 2005 and 2006 from known international child pornography websites. The Defendant told the agents that he had a "rough time" in 2005 and struggled with his interest in child pornography. The Defendant acknowledged purchasing a membership to a child pornography website in the summer of 2005, but stated that a short time later he realized that what he was doing was wrong and went to his pastor for help. He stated that he "wiped" his computer to eliminate any trace of what he had done. The Defendant stated that he had an interest in young girls, without specifying an age group. He stated that he had struggled greatly with his problem, and understood that it was wrong. He maintained, however, that he saw his students as human beings and did not have any sexual urges around them.

### D. Auburn Police Department Interview

On October 24, 2007, one of the Defendant's female students alleged that the Defendant had touched her inappropriately at school. Later the same day, the Defendant was interviewed by Detective Chad Syphers at the Auburn Police Department. Syphers told the Defendant that the interview was voluntary and that he was free to leave at any time. During the interview, which was videotaped, the Defendant made the following statements, among others, to Syphers:

- He had purchased memberships to online child pornography sites on three occasions in 2005.

- He had urges to touch young female students, but not older kids. He said that once in a while he felt the need to put his hand up a student's skirt or touch her buttocks.

- He stated that it was only in the past year or so that these urges started to happen, and that the urges did not happen very often.

- He said that ninety-five percent of the time he was satisfied by receiving a hug from a student, but that the other five percent of the time he needed something more.

- He said he liked it when kids in fourth, fifth, or sixth grade gave him hugs, but he was most attracted to kids in second or third grade.

- He said that the most he had ever done to a student was to put his hand up a girl's skirt, and that he had never touched a girl's "private parts."

- He stated that he had inappropriately touched between two and four kids, and provided their names. The names he provided did not include the name of the student who had made the complaint against him, however.

E.     **Other Students**

The government anticipates that two former students of the Defendant will testify that the Defendant touched them inappropriately at school in the fall of 2007. One student will testify that the Defendant slid his hand up her skirt during music class. The other student will testify that the Defendant touched her buttocks while she was standing in line to leave the classroom.[1]

---

[1] The government also intends to introduce evidence that on October 31, 2007, the morning after being arrested and held overnight on state charges, the Defendant called Jane Doe's home. The call lasted thirteen minutes. Jane's mother spoke with the Defendant on the phone, and during the call he told her that he wanted to reassure her that nothing had happened with Jane or her sister during the two trips to Canobie Lake Park. He asked her whether the girls had said anything at all, and stated that the more statements he could get the better he would be. Jane's mother felt that the Defendant wanted a statement of support from her. She said that the girls had not said anything, and asked whether the Defendant had been fired. He responded that he had been suspended. Jane's mother then said she had to get off the phone and hung up.

### III.  STATUTE AND ELEMENTS

Counts One and Two of the Indictment charge that on two occasions in the summer of 2007, the Defendant transported Jane Doe to New Hampshire with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). This statute provides in pertinent part that "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce … with intent that the individual engage … in any sexual activity for which any person can be charged with a criminal offense" shall be guilty of a crime. 18 U.S.C. § 2423(a).

To find the Defendant guilty, the government must prove that (1) the Defendant knowingly transported Jane Doe in interstate commerce from Maine to New Hampshire; (2) at the time of the transportation, Jane Doe was under the age of 18 years; and (3) at the time of the transportation, the Defendant intended that Jane Doe would engage in illegal sexual activity. Both Maine and New Hampshire law prohibit an adult from touching the breasts or buttocks, directly or through clothing, of an individual under the age of 13 for the purpose of sexual gratification. *See* N.H. Rev. Stat. Ann. § 632-A:3(III) (2010); Me. Rev. Stat. Ann. tit. 17-A, § 260(1)(C), (F) (2009).

The government does not have to prove that engaging in illegal sexual activity was the Defendant's sole or dominant purpose for transporting Jane in interstate commerce. The government must prove, however, that at least one of the Defendant's motivations for transporting Jane was to engage in illegal sexual activity. *See United States v. Ellis*, 935 F.2d 385, 390 (1st Cir. 1991).

## IV.   EVIDENTIARY ISSUES

### A.   Rule 404(b) Evidence

The Court has ruled that it will permit the introduction of several items of evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. This evidence, which is described above, will be admitted for the limited purpose of demonstrating the intent underlying the Defendant's transportation of Jane to New Hampshire.

### B.   Possible Defense Expert Testimony

The government has been informed that the Defendant may proffer an expert witness to testify regarding the methods used to question Jane during the investigation into the Defendant's actions. The government has not received any information under Rule 16(b)(1)(C) regarding the witness or the nature of the witness's testimony. The government reserves the right to move to exclude this witness's testimony after the required information has been provided.

## V.   STIPULATIONS

The government has proposed a stipulation regarding the admissibility of records pertaining to the Defendant's mobile telephone, but the Defendant has not stated his position on the proposed stipulation. The government is hopeful that one or more stipulations will be agreed upon in advance of trial.

## VI. CONCLUSION

This brief has addressed some of the issues that might arise at trial. The government requests leave of Court to file other additional memoranda of law that may be necessary or appropriate as the April 20, 2010 trial approaches.

Dated at Portland, Maine this 29th day of March, 2010.

                                            Respectfully submitted,

                                            PAULA D. SILSBY
                                            UNITED STATES ATTORNEY


                                             /s/ Craig M. Wolff
                                            Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2010, I electronically filed the Government's Trial Brief with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following:

    **Richard L. Hartley, hartleylaw@gmail.com**

                                        PAULA D. SILSBY
                                        UNITED STATES ATTORNEY

                                        /s/ Craig M. Wolff
                                        Assistant United States Attorney
                                        U.S. Attorney's Office
                                        100 Middle Street Plaza, East Tower
                                        Portland, ME  04101
                                        (207) 780-3257
                                        craig.wolff@usdoj.gov